| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER CIRCUIT/SUPERIOR COURT |
| | )SS: | |
| COUNTY OF PORTER | ) | SITTING AT VALPARAISO, INDIANA |
| | | |
| AARON T. SIMAC, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| LENDING CLUB CORP., | ) | ***JURY DEMANDED*** |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES, CIVIL PENALTIES, INJUNCTIVE, DECLARATORY, AND OTHER RELIEF

Plaintiff, AARON T. SIMAC, by Counsel, Attorneys Christopher A. Buckley and Patrick B. McEuen of McEuen Law Office, for his *Complaint*, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a); the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for Defendant's violations of Section 5 of the FTC Act, the FCRA, and the FDCPA.

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 1681s, and 1692l.

3. In addition, this dispute arises out of a contract that was formed in Porter County, Indiana.

4. Venue is proper in the Porter Superior Court.

## PLAINTIFF

5. This action is brought by AARON T. SIMAC, Plaintiff, who is a resident of Porter County, Indiana, and currently resides at: 1214 Saratoga Lane, Chesterton, Porter County, Indiana 46304.

## DEFENDANT

6. LENDING CLUB CORPORATION, is a Delaware corporation with its principal place of business located at 595 Market Street, Suite 200, San Francisco, California 94105 and a service address of: CORPORATION SERVICE COMPANY, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

7. Defendant is an Indiana foreign for-profit corporation under Business ID Number 2014072800014 duly registered with the Indiana Secretary of State and has availed itself to the jurisdiction of the Indiana Courts.

8. Defendant is a "debt collector" as defined in Section 803(6) of the FDCPA 15 U.S.C. § 1692a(6). As part of its debt collection activities, Defendant furnishes information to consumer reporting agencies. As such, Defendant is a person or entity subject to Section 623 of the FCRA, 15 U.S.C. § 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

9. Colloquially known as a "debt buyer," Defendant purchases and collects on portfolios of mortgages from credit originators such as mortgage brokers. Defendant regularly, and in the ordinary course of business furnishes information about its transactions or experiences with its consumers to one or more consumer reporting agencies.

10. In numerous instances, Plaintiff has notified Defendant that information appearing on his credit reports is wrong.

11. Pursuant to Section 623(b)(1) of the FCRA, Defendant, as a furnisher of information to consumer reporting agencies, is required to conduct a reasonable investigation of the disputed account information upon receipt of an ACDV from a consumer reporting agency.

12. Defendant has failed to investigate the particular merits of the consumer's claim by, for example, reviewing individual account documents, contacting the original portfolio seller to verify the accuracy of the information, asking the consumer reporting agency for more information, or reviewing its own internal notes.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

13. On or about May 2018, Plaintiff opened an account with the Defendant in order to borrow principal in the amount of Sixteen Thousand, Eight Hundred Sixty-Nine Dollars ($16,869.00).

14. From May 2018 through the present, Plaintiff has paid to Defendant any and all payments due on a timely basis on or before the third (3rd) day of each month.

15. Beginning in October 2018, false derogatory statements were made upon Plaintiff's credit report as follows:

   a. October 2018: 60–89 Days Past Due;

   b. November 2018: 60–89 Days Past Due;

   c. December 2018: 60–89 Days Past Due;

   d. January 2019: 60–89 Days Past Due; and,

   e. February 2019: 60–89 Days Past Due.

16. However, timely payments were in fact made by Plaintiff and accepted by Defendant as follows during the same time period:

    a. Check No. 9211 for $385.11 was accepted by Lending Club on September 28, 2018;

    b. Check No. 9215 for $385.11 was accepted by Lending Club on October 31, 2018;

    c. Check No. 9218 for $385.11 was accepted by Lending Club on November 30, 2018;

    d. Check No. 9222 for $385.11 was accepted by Lending Club on December 31, 2018;

    e. Check No. 9228 for $385.11 was accepted by Lending Club on January 31, 2019;

    f. Check No. 9235 for $385.11 was accepted by Lending Club on February 20, 2019; and,

    g. Check No. 9232 for $385.11 was accepted by Lending Club on February 28, 2019.

17. On August 12, 2019, Counsel for Plaintiff sent a Letter to Defendant, demanding relief from the false claims and reports submitted to Equifax credit reporting agency. Said Letter is hereto attached as Exhibit A.

18. No response from Defendant was received whatsoever, and the false reports and marks have not been modified or removed from Plaintiff's Credit Report.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT GENERALLY

19. The FCRA was enacted in 1970 and became effective on April 25, 1971, and has been in force since that date. In 1996, the FCRA was amended extensively by Congress. Among other things, Congress added Section 623 of the Act, which became effective on October 1, 1997.

20. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

21. For purposes of Section 623(a)(7) of the FCRA, 15 U.S.C. § 1681s-2(a)(7), "negative information" means "information concerning a customer's delinquencies, late payments, insolvency, or any form of default," 15 U.S.C. § 1681s-2(a)(7)(G)(i), and the terms "financial institution" and "customer" have the same meanings as in Section 509 Public Law 106-102, 15 U.S.C. § 6809(3). 15 U.S.C. § 1681s-2(a)(7)(G)(ii).

### COUNT II – VIOLATIONS OF FCRA, SECTION 623(a)(1)(A)

22. Section 623(a)(1)(A) of the FCRA prohibits furnishers of information to consumer reporting agencies from furnishing any information relating to a consumer to any consumer reporting agency if the furnisher knows or has reasonable cause to believe that the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A).

23. In numerous instances, through the means described in Paragraphs 13-18, in connection with furnishing information relating to a consumer to a consumer reporting agency, Defendant has furnished such information while knowing or having reasonable cause to believe that the information was inaccurate.

24. The acts and practices alleged in Paragraph 15 constitute violations of Section 623(a)(1)(A) of the FCRA, 15 U.S.C. §1681s-2(a)(1)(A). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 15 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT III – VIOLATIONS OF FCRA, SECTION 623(a)(7)

25. Section 623(a)(7) of the FCRA requires that, if any financial institution that extends credit to customers and regularly and in the ordinary course of business furnishes information to a consumer reporting agency furnishes negative information about a customer to a consumer reporting agency, the financial institution shall provide the customer with a clear and conspicuous

written notice about the furnishing of such negative information no later than thirty days after the financial institution furnishes the negative information to the consumer reporting agency. 15 U.S.C. § 1681s-2(a)(7).

26. Defendant is a "financial institution" with "customers" as defined by Section 623(a)(7)(G)(ii) of the FCRA, 15 U.S.C. § 1681s-2(a)(7)(G)(ii).

27. Defendant furnishes "negative information" about its customers regarding credit extended to customers to consumer reporting agencies as "negative information" is defined in Section 623(a)(7)(G)(i) of the FCRA, 15 U.S.C. § 1681s-2(a)(7)(G)(i).

28. In numerous instances, through the means described in Paragraphs 13-18, in connection with the furnishing of negative information about Plaintiff, Defendant has failed to provide its customers with the written notice required by Section 623(a)(7) no later than thirty days after furnishing the negative information to the consumer reporting agency.

29. The acts and practices alleged in Paragraphs 13-18 constitute violations of Section 623(a)(7) of the FCRA, 15 U.S.C. §1681s-2(a)(7). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraphs 13-21 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT IV – VIOLATIONS OF FCRA, SECTION 623(b)

30. Section 623(b) of the FCRA requires furnishers of information to consumer reporting agencies to conduct a reasonable investigation when the furnisher receives a notice of dispute regarding the completeness or accuracy of the reported information from a consumer reporting agency in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. § 1681i, and to report the results of the investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b).

31. In numerous instances, through the means described in Paragraphs 9-52, Defendant did not conduct a reasonable investigation, or any investigation, when it receives a notice of dispute from a consumer reporting agency.

32. The acts and practices alleged in Paragraphs 13-18 constitute violations of Section 623(b) of the FCRA, 16 U.S.C. § 1681s-2(b). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 71 also constitute unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT V – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT GENERALLY

33. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule.

34. Section 803(7) of the FDCPA defines the term "location information" as meaning a consumer's place of abode and the consumer's telephone number at such place, or the consumer's place of employment. 15 U.S.C. § 1692a(7).

35. The acts and practices alleged in Paragraphs 13-18 constitute violations of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraphs 13-18 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT VI - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, SECTION 804

36. Section 804 of the FDCPA, 15 U.S.C. § 1692b, governs the manner in which debt collectors may communicate with any person other than the consumer for purposes of acquiring location information about the consumer. Section 804(3) prohibits debt collectors from communicating with any person about a consumer more than once unless requested by the person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete information.

37. In numerous instances, through the means described in Paragraphs 13-18, in connection with the collection of debts, Defendant, directly or indirectly, has communicated more than once with persons other than the consumer for the purpose of obtaining location information about the consumer without a reasonable belief that the earlier response of the person was erroneous or incomplete and the person then had correct or complete location information.

38. The acts and practices alleged in Paragraphs 13-18 constitute violations of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3). Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph 76 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT VII - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, SECTION 805

39. Section 805 of the FDCPA, 15 U.S.C. § 1692c, governs communications in connection with debt collection generally. Section 805(b) specifically prohibits communications about a debt with any person other than the consumer, a consumer reporting agency, the creditor, or their attorneys except as allowed by Section 804 or with the permission of the consumer, or a court of competent jurisdiction, or as reasonably necessary to effectuate post-judgment relief.

40. In numerous instances, through the means described in Paragraphs 13-18, in connection with the collection of debts, Defendant, directly or indirectly, has communicated about a debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the permission of the consumer, or as otherwise allowed by Section 804.

41. The acts and practices alleged in Paragraphs 13-18 constitute violations of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b). Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraphs 13-18 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT VIII - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, SECTION 807

42. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Section 807(2)(A), 15 U.S.C. § 1692e(2)(A), specifically prohibits the false representation of the character, amount, or legal status of any debt, while Section 807(8), 15 U.S.C. § 1692e(8), prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, and Section 807(10), 16 U.S.C. 1692(e)(10), prohibits using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43. In numerous instances, through the means described in Paragraphs 13-18, in connection with the collection of debts, Defendant, directly or indirectly, has used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

    a. In numerous instances, Defendant, directly or indirectly, has used false representations concerning the character, amount, or legal status of a debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

    b. In numerous instances, Defendant, directly or indirectly, has communicated credit information to consumer reporting agencies that it knew, or should have known, to be false, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8); and

    c. In numerous instances, Defendant, directly or indirectly, has used false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10).

44. The acts and practices alleged in Paragraphs 13-18 constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraphs 13-18 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT IX - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, SECTION 809

45. Section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b), provides, inter alia, that if a consumer notifies a debt collector in writing, within thirty days of the consumer's receipt of the initial communication from the debt collector, that the debt is disputed, the debt collector shall cease collection of the debt until the debt collector obtains and provides verification of the debt to the consumer.

46. In numerous instances, through the means described in Paragraphs 13-18, in connection with the collection of debts, when a consumer has notified Defendant, in writing within the thirty-day period described in Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a), that the

debt, or a portion thereof, is disputed, Defendant has failed to obtain and provide verification of the debt to the consumer and has continued to attempt to collect the debt.

47. The acts and practices alleged in Paragraphs 13-18 constitute violations of Section 809(b) of the FDCPA, 15 U.S.C. §1692g(b), Pursuant to Section 814(a) of the FDCPA 15 U.S.C. § 1692l(a), the acts and practices alleged also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT X – INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FTC ACT, FCRA, AND FDCPA

48. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that Defendant will not continue to violate the FTC Act, the FCRA, and the FDCPA.

### COUNT XI - EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT, FCRA, AND FDCPA

49. Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FTC Act, the FCRA, and the FDCPA, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

### COUNT XII - CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA

50. Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A), authorizes the Court to award monetary civil penalties in the event of a knowing violation, which constitutes a pattern or practice of violations. Defendant's violations of Sections 623(a)(7) and 623(b) of the FCRA, as alleged in this Complaint, were knowing and constituted a pattern or practice of violations. As specified by the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2861, as amended, the Court is authorized to award a penalty of not more than $2,500 per violation

or violations occurring before February 10, 2009, and $3,500 per violation for violations occurring on or after that date.

51. Each instance in which Defendant has failed to comply with the FCRA in one or more of the ways described above constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under section 621 of the FCRA. Plaintiff seeks monetary civil penalties for every separate violation of the FCRA.

### COUNT XIII - CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

52. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692l, authorize the Court to award monetary civil penalties for violations of the FDCPA when such violations were committed with actual knowledge or knowledge fairly implied on the basis of objective circumstances as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A). Defendant's violations of the FDCPA, as alleged in this Complaint, were made with actual knowledge or knowledge fairly implied on the basis of objective circumstances. As specified by the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2861, as amended, the Court is authorized to award a penalty of not more than $11,000 for each violation of the FDCPA before February 10, 2009, and not more than $16,000 for each violation of the FDCPA after that date.

53. Each instance in which Defendant has failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation of the FDCPA for the purpose of assessing monetary civil penalties. Plaintiff seeks monetary civil penalties for every separate violation of the FDCPA.

WHEREFORE, Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

1. Enter a permanent injunction to prevent future violations of the FTC Act, the FCRA, and the FDCPA by Defendant;

2. Award such relief as the Court finds necessary to redress injury to Plaintiff resulting from Defendant's violations of the FTC Act, the FCRA, and the FDCPA, including but not limited to a declaration that Plaintiff is current and in good standing with the Defendant, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

3. Award Plaintiff monetary civil penalties for each violation of the FCRA and FDCPA as alleged in this Complaint; and

4. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

**CERTIFICATE OF SERVICE**

By signing adjacent hereto, I certify that on January 3, 2020, I electronically filed the foregoing document using the Indiana E- File System (IEFS).

I also certify that on January 3, 2020, the foregoing document was served upon all parties of record.

Respectfully submitted,

Christopher A. Buckley, Ind. Atty. No. 28938-64
*Attorney for Plaintiff*
6382 Central Avenue
Portage, IN 46368
Tel.: (219) 762-7738
chris@mceuenlaw.com

**JURY DEMAND**

Comes now the Plaintiff, AARON T. SIMAC, by Counsel, and respectfully demands trial by jury on all issues herein.

